UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN BROWN, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>SERGEANT MORGER, et. al., )<br>   Defendants ) | No. 19-2308 |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at Danville Correctional Center by Sergeant Morger, Lieutenant John Doe #1, and Sergeant John Doe #2.

Plaintiff alleges in February of 2019, Defendant Sergeant Morger destroyed some of Plaintiff's commissary items during a cell shake down. Specifically, the Defendant smashed and spilled coffee and liquid detergent over Plaintiff's "cookies and Honey Buns" and damaged clothing. (Comp., p. 4).

Then again on March 24, 2019, Plaintiff claims Defendant Morger conducted another shakedown of his cell and again destroyed the same items in the same way.

1

Plaintiff says as a result, he needs a replacement for two shirts, two pair of underwear, three pairs of socks, a sweatshirt and pants, soap, a toothbrush and a nail clipper.

Plaintiff says the Defendant also told Plaintiff he will destroy property each time he does a shakedown, and Defendant has made comments when he sees Plaintiff on the walkway such as "can I borrow some laundry detergent." (Comp., p. 5). Plaintiff says Defendant Morger's actions are harassing and intimidating and violate his Eighth Amendment rights.

Plaintiff is also suing the Sergeant John Doe who was responsible for supervising the cell shakedowns and Lieutenant John Doe Lieutenant who assigns cell shakedowns. Plaintiff says they failed to properly supervise and "should have known" the actions would cause Plaintiff "pain and suffering." (Comp., p. 6).

There are several problems with Plaintiff's complaint. First, although Plaintiff repeatedly makes reference to Defendants acting in their official capacities, Plaintiff has not articulated an official capacity claim based on an official policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

Second, Plaintiff has not articulated a violation of his Eighth Amendment rights based on the destruction of his property. *See Crouch v. Wooley*, 2016 WL 192650, at *4–5 (S.D.Ill. Jan. 15, 2016)(allegation that officers destroyed several items of personal property including a t.v. does not state an Eighth Amendment or other constitutional violation). Instead, the "only constitutional right that might be implicated by these facts is Plaintiff's right to be free from deprivations of his property by state actors without due process of law under the Fourteenth Amendment." *Id.* at 5. However, the Seventh

Circuit has found the state provides an adequate post-deprivation remedy with an action in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993)(unauthorized destruction of non-contraband property during shakedowns fails to state a constitutional violation, plaintiff instead has an adequate remedy in the Illinois Court of Claims); *DKCLM, Ltd. v. Cnty. of Milwaukee*, 794 F.3d 713, 716 (7th Cir. 2015) ("an adequate state remedy for a deprivation of property provides all the due process that a plaintiff suing state officers for such deprivation is entitled to."); *Mister v. Nawoor*, 2019 WL 2270587, at *3 (C.D.Ill. May 28, 2019)("Plaintiff's claim that Defendant.. destroyed his contact lenses fails to state a constitutional claim as the deprivation or destruction of personal property does not implicate a constitutional interest, even if those acts are intentional); *Stafford v. Conklin*, 2019 WL 4246773, at *3 (N.D.Ind. Sept. 5, 2019)("to the extent that (plaintiff) is seeking compensation for destroyed property, he cannot proceed because state remedies are available to him to redress the destruction of property).

Third, while Plaintiff claims the Defendant made continued statements about destroying his property, Plaintiff alleges two specific incidents which occurred nearly a year ago. The additional, alleged comments do not rise to the level of a constitutional violation. *See Pinkston v. McKee*, 2011 WL 5025239, at *3 (C.D.Ill. Oct.21, 2011)("alleged threats, intimidation, and harassment, while unprofessional and certainly not condoned by the Court, do not state a constitutional claim because the plaintiff has not suffered a constitutional deprivation.")

Therefore, the Court must dismiss Plaintiff's complaint without prejudice to Plaintiff seeking relief in the Illinois Court of Claims.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [4, counsel]. The dismissal is without prejudice to refilling in the Illinois Court of Claims.

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 24th day of January, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE